FILED
CLERK
5/31/2016 9:47 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN H. WHITE,

                Petitioner,

     -against-

KEITH JAMES, Parolee,

                Respondent.
----------------------------------------------------------------X

**ORDER**
15-cv-7216 (SJF)

FEUERSTEIN, J.:

On December 7, 2015, *pro se* petitioner John H. White ("Petitioner"), who is currently incarcerated at the Attica Correctional Facility, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. As Petitioner has previously filed a § 2254 petition challenging the same conviction, this Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

**I.    RELEVANT BACKGROUND**

On June 6, 2008, upon a jury verdict entered in the Supreme Court of the State of New York, Nassau County, Petitioner was convicted of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, and was sentenced, as a second degree felony offender, to concurrent terms of imprisonment of twenty-five (25) years to life, fifteen (15) years with five (5) years post-release supervision, and seven (7) years with five (5) years post-release supervision, respectively, on the three (3) charges. *See People v. White*, 73 A.D. 3d 820 (2d Dep't 2010) (affirming conviction), *further appeal denied*, 15 N.Y.3d 779 (2010).

On November 5, 2010, Petitioner filed a petition for writ of habeas corpus in the United

1

States District Court for the Eastern District of New York challenging his state court conviction pursuant to 28 U.S.C. § 2254. (Case No. 10-cv-5163, Dkt. 1). On April 22, 2013, this Court issued an Order denying Plaintiff's § 2254 petition in its entirety. *White v. Rock*, No. 10-cv-5163 (Dkt. 101), 2013 WL 1767784 (E.D.N.Y. Apr. 22, 2013). On May 10, 2013, Petitioner filed a motion for reconsideration and vacatur of the April 22, 2013 Order pursuant to Rule 60(b). (Case No. 10-cv-5163, Dkt. 103). On May 16, 2013, Petitioner filed a notice of appeal of this Court's Order denying habeas relief. (*Id.*, Dkt. 104). On March 27, 2014, this Court issued an Order denying Petitioner's Rule 60(b) motion (*Id.*, Dkt. 124), and Petitioner appealed that Order (*Id.*, Dkt. 125). On March 5, 2015, the United States Court of Appeals for the Second Circuit issued a mandate, *inter alia*, denying Petitioner's motion for a certificate of appealability as to this Court's denial of his § 2254 petition on the ground that Petitioner did not make a substantial showing of the denial of a constitutional right. (*Id.*, Dkt. 129). On December 28, 2015, Petitioner filed a second motion for reconsideration and vacatur of this Court's April 22, 2013 Order denying his § 2254 petition pursuant to Rule 60(b). (*Id.*, Dkt. 136). On May 31, 2016, this Court denied Petitioner's second Rule 60(b) motion. (*Id.*, Dkt. 141). On December 7, 2015, Petitioner filed the present habeas petition, which he acknowledges is a successive petition. (Dkt. 1 at ¶ 12).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications." *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003); 28 U.S.C. § 2244(b)(3)(A). Where, as here, a petitioner files a successive habeas petition in district court, the district court should transfer the petition to the Court of Appeals so that it may determine whether or not the claim

2

presented in the successive petition satisfies the relevant criteria set forth in 28 U.S.C. § 2244(b)(2) (A)-(B). *See Torres*, 316 F.3d at 151; *Liriano v. U.S.*, 95 F.3d 119, 122 (2d Cir. 1996).

### III. CONCLUSION

In accordance with the requirements of 28 U.S.C. § 2244(b) and in the interest of justice, the Clerk of the Court is respectfully requested to transfer this petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Upon transfer of this petition, the Clerk of the Court is requested to close this case and terminate the pending motions that Petitioner filed concurrently with the petition (Dkt. 2, 3, 4). Should the Second Circuit authorize Petitioner to proceed in this matter, Petitioner shall move to reopen under this docket number and may reinstate his motions at that time.

Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this Order upon Petitioner in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: May 31, 2016
  Central Islip, New York