FILED
CLERK
2:19 pm, Apr 18, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN H. WHITE,

                                Petitioner,              **OPINION AND ORDER**
      -against-                                            15-cv-7216 (SJF)

KEITH JAMES, Parolee,

                                Respondent.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

       On December 7, 2015, *pro se* petitioner John H. White ("Petitioner"), who is presently incarcerated at the Attica Correctional Facility following a state murder conviction in 2008, filed a motion seeking to perpetuate the testimony of respondent Keith James ("James"), a former co-defendant in the underlying state criminal proceeding, pursuant to Rule 27 of the Federal Rules of Civil Procedure. (*See generally* motion ("Mot.") (Dkt. 1)). Petitioner hopes to utilize James' deposition testimony in aid of "a successive habeas petition [and] / or a state post-conviction vacatur application." The Court initially treated Petitioner's motion as a successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and transferred it to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631, so that Petitioner could seek authorization from the Second Circuit to file a successive habeas petition, in accordance with 28 U.S.C. § 2244(b)(3). On December 2, 2016, the Second Circuit remanded the matter, directing this Court to rule on Petitioner's motion for relief under Rule 27. For the following reasons, Petitioner's motion to perpetuate testimony pursuant to Rule 27 is denied.

1

## I. RELEVANT BACKGROUND

On June 6, 2008, upon a jury verdict entered in the Supreme Court of the State of New York, Nassau County, Petitioner was convicted of murder in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, and was sentenced, as a second degree felony offender, to concurrent terms of imprisonment of twenty-five (25) years to life, fifteen (15) years with five (5) years post-release supervision, and seven (7) years with five (5) years post-release supervision, respectively, on the three (3) charges. *See People v. White*, 73 A.D. 3d 820 (2d Dep't 2010) (affirming conviction), *further appeal denied*, 15 N.Y.3d 779 (2010).

On November 5, 2010, Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of New York challenging his state court conviction pursuant to 28 U.S.C. § 2254. (Case No. 10-cv-5163, Dkt. 1). On April 22, 2013, this Court issued an order denying Petitioner's § 2254 petition in its entirety. *White v. Rock*, No. 10-cv-5163 (Dkt. 101), 2013 WL 1767784 (E.D.N.Y. Apr. 22, 2013). On May 10, 2013, Petitioner filed a motion for reconsideration and vacatur of the April 22, 2013 order pursuant to Rule 60(b). (Case No. 10-cv-5163, Dkt. 103). On May 16, 2013, Petitioner filed a notice of appeal of this Court's order denying habeas relief. (*Id.*, Dkt. 104). On March 27, 2014, this Court issued an order denying Petitioner's Rule 60(b) motion (*Id.*, Dkt. 124), and Petitioner appealed that order (*Id.*, Dkt. 125). On March 5, 2015, the Second Circuit issued a mandate, *inter alia*, denying Petitioner's motion for a certificate of appealability as to this Court's denial of his § 2254 petition on the ground that Petitioner did not make a substantial showing of the denial of a constitutional right. (*Id.*, Dkt. 129). On December 28, 2015, Petitioner filed a second motion for reconsideration and vacatur of this Court's April 22, 2013 order denying his § 2254 petition

pursuant to Rule 60(b).  (*Id.*, Dkt. 136).  On May 31, 2016, this Court denied Petitioner's second Rule 60(b) motion.  (*Id.*, Dkt. 141).  On December 7, 2015, Petitioner filed the present motion, in which he seeks an order from this Court allowing Petitioner to depose James, his former co-defendant in the underlying state criminal proceeding, in order to utilize James' deposition testimony in connection with "a successive habeas petition [and] / or a state post-conviction vacation application."  (Mot. at ¶¶ 12, 32, 43-45).  On May 31, 2016, this Court, treating the motion as a successive section 2254 petition, transferred this case to the Second Circuit.  (Dkt. 22).  On December 2, 2016, the Second Circuit issued a mandate remanding the case and directing this Court to address the merits of Petitioner's Rule 27 motion.  (Dkt. 23).

## II.     THE PRESENT MOTION

Petitioner contends that he is "currently … wrongfully [and] illegally imprisoned for a crime [he] did not commit, [and] / or [is] wrongfully [and] illegally imprisoned through a fraudulent trial."  (*Id.* at ¶ 7).  Through his present motion, Petitioner "seek[s] to thoroughly expose [and] exploit this 'unspoken fraud' [so] that [he] may be granted a new state trial [and] / or complete exoneration."  (*Id.*).  Specifically, Petitioner contends that: he and James were co-defendants; their cases were severed; they were represented by separate counsel; James entered a cooperation and plea agreement with the district attorney's office; pursuant to James' cooperation agreement, he agreed to provide truthful, material testimony against Petitioner at Petitioner's trial; James did testify against Petitioner at his trial; James' testimony implicated Petitioner in the underlying crime; James received seven years of incarceration in exchange for his testimony; and James' testimony during Petitioner's trial was false, involuntary, and the result of "coercion, threats, [and] … intimidation" by certain attorneys and/or law enforcement officers.  (*Id.* ¶¶ 21, 37, 46).

3

According to Petitioner, James "desire[s] … to immediately appear before the court … [so] that he may be permitted to openly describe the illegalities imposed upon him through his private attorneys [and] [law enforcement officials]." (*Id.* ¶ 23). Petitioner seeks an order from this Court compelling James to appear for a deposition of "no more than seven hours within one day" at a "location … suitable … to [James and Petitioner]." (*Id.* ¶¶ 43, 44). Petitioner intends to utilize James' deposition testimony in aid of a "successive habeas petition [and] / or state post-conviction vacatur application." (*Id.* ¶ 12). Petitioner, who contends that he did not commit the crimes for which he was convicted and seemingly believes that James' deposition testimony will prove it, indicates that "[t]here is legislation pending in the New York Legislature which would add a new [Criminal Procedure Law section] 440.10(1)(j), authorizing the court to grant a motion to set aside a judgment of conviction on the ground that 'the defendant is actually innocent of the crimes of which he or she was convicted.' " (*Id.* ¶ 15).

## III. DISCUSSION

Rule 27(a), which relates to depositions to perpetuate testimony before an action is filed, provides, in pertinent part:

> **(1) *Petition.*** A person who wants to perpetuate testimony about any matter *cognizable in a United States court* may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> > **(A)** that the petitioner *expects to be a party to an action cognizable in a United States court* but cannot presently bring it or cause it to be brought;
> >
> > **(B)** the subject matter of the expected action and the petitioner's interest;

>> **(C)** the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> **(D)** the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> **(E)** the name, address, and expected substance of the testimony of each deponent.
>
> \*\*\*
>
> **(3) *Order and Examination*.** If satisfied that perpetuating the testimony may *prevent a failure or delay of justice*, the court must issue an order that designates or describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories. The depositions may then be taken orally or by written interrogatories. The depositions may then be taken under these rules, and the court may issue orders like those authorized by Rules 34 and 35. A reference in these rules to the court where an action is pending means, for purposes of this rule, the court where the petition for the deposition was filed.

Fed. R. Civ. P. 37 (emphasis added).

A movant seeking an order to perpetuate deposition testimony in advance of filing an action under Rule 27 must establish that "he expects to be a party to an action cognizable in a United States court." Petitioner has not done that. To the extent Petitioner intends to utilize James' proposed deposition testimony in aid of a successive section 2254 habeas petition as he indicates in his motion (*see* Mot. at ¶ 12), he has not been authorized by the Second Circuit to file a successive habeas petition in accordance with 28 U.S.C. § 2244(b)(3); absent such an authorization, a successive habeas petition would not be cognizable in this Court. *See In re Whitehead*, 476 Fed. Appx. 281, 282 (3d Cir. 2012) ("Whitehead has already petitioned for, and been denied, a writ of habeas corpus, and has not been authorized by this Court to file another... Accordingly, he cannot show that he 'expects to be a party to an action cognizable in a United

States court' as required by Rule 27(a)(1)(A)."). To the extent Petitioner intends to utilize James' proposed deposition testimony in aid of a state post-conviction motion to vacate based upon proposed legislation that, if enacted, would add a new "actual innocence" provision to section 440.10 of the New York Criminal Procedure Law ("CPL"), as he indicates in his motion (*see* Mot. at ¶¶ 12, 15), such an action would be brought in state court, not in this Court. If Petitioner wishes to pursue relief under the CPL in state court, he must seek to develop the evidentiary record through state, not federal, channels. *See Doolin v. Davis*, No. 1:09-cv-01453-AWI-SAB, 2017 WL 220131, at *1-2 (E.D. Cal. Jan. 19, 2017) ("Here the state supreme court should be afforded the opportunity to act on petitioner's innocence claim and, if appropriate, develop related facts. At least initially, any federal control over evidence to be utilized in the course of state exhaustion is the antithesis of comity.") (quotations and citations omitted).

In any event, even if Petitioner did intend to utilize James' proposed deposition testimony in connection with an action cognizable in federal court, he has not established that he is entitled to relief under Rule 27 because he does not suggest that James' testimony might otherwise be unavailable. "Rule 27 is not … a substitute for the broader, post-complaint discovery available under Rule 26 and should be used only in special circumstances to preserve testimony which otherwise might be lost." *In re Liquor Salesmen's Union Local 2D Pension Fund*, No. 12-CV-2786 (KAM)(MDG), 2012 WL 2952391, at *3 (E.D.N.Y. Jul. 19, 2012); *see In re Petition of Allegretti*, 229 F.R.D. 93, 96 (S.D.N.Y. 2005) (Rule 27 petitioner must establish, among other things, that "known testimony would otherwise be lost, concealed or destroyed"). Petitioner does not suggest that James' testimony might be lost or otherwise rendered unavailable absent Rule 27 relief. Indeed, Petitioner notes "a voluntary desire by James to immediately appear before the court … [so] that he may be permitted to openly describe the illegalities imposed upon

him through his private attorneys … [and law enforcement personnel]." (Mot. at ¶ 23). Moreover, in the event the Second Circuit were to authorize Petitioner to file a successive habeas petition, he may be permitted to pursue discovery *after* filing the petition upon a showing of good cause. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Rules Governing § 2254 Cases provides: "A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." *Id.* Thus, Petitioner has not shown that James' testimony might be unavailable absent a pre-action deposition under Rule 27.

## IV. CONCLUSION

For the foregoing reasons Petitioner's motion to perpetuate testimony pursuant to Federal Rule of Civil Procedure 27 is denied. The Clerk of the Court shall serve notice of entry of this order upon Petitioner.

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated: April 18, 2017
     Central Islip, New York